IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSÉ HUERTAS-ROSARIO [1],<br><br>Defendant. | CRIMINAL NO. 18-193 (GAG) |

**REPORT AND RECOMMENDATION**

Defendant José Huertas-Rosario [1] was charged in a three-count Indictment and he agreed to plead guilty to Count Three. Count Three charges Defendant with possession with intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

On May 22, 2020, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. For the proceeding, the Court, the prosecutor, defense counsel, the court reporter and the courtroom deputy all appeared by videoconference. Defendant appeared by videoconference from the Tallahatchie County Correctional in Tallahatchie, Mississippi. Defendant consented to appearing by videoconference, and both he and his lawyer explained they had discussed the matter. Defendant's image and voice were clear, and he could see and hear the undersigned and the lawyers clearly.

The hearing proceeded without Defendant physically present because Hon. Judge Gustavo A. Gelpí made the CARES ACT findings at Docket No. 155 as follows: "Given the exigent circumstances generated by the COVID-19 Pandemic, and while considering the

<u>United States of America v. José Huertas-Rosario [1]</u>
Criminal No. 18-193 (GAG)
Report and Recommendation
Page 2

related and relevant dispositions within the MDC-Guaynabo [in this case Tallahatchie County Correctional in Tallahatchie, Mississippi] and USMS protocols and consistent with the Order issued by the undersigned pursuant to the Cares Act (See 20-mc-088), the Court finds that the only viable mechanism in which it may currently conduct a change of plea hearing is by Video Conference. This will ensure public health and safety and also afford for the proceedings to be conducted without further delay. The mechanisms herein implemented are in the best interests of justice and the parties."

Defendant was provided with a Waiver of Right to Trial by Jury and Consent to Proceed before a United States Magistrate Judge, which he signed and agreed upon voluntarily after examination under oath.

Defendant indicated and confirmed his intention to plead guilty to Count Three of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.[2]

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant indicated he took several medications, that he mentioned for the record, the morning of the change of plea hearing for several medical conditions including heart condition, high blood pressure and diabetes. Defendant averred that the intake of the medications did not affect him to understand the proceedings.

United States of America v. José Huertas-Rosario [1]
Criminal No. 18-193 (GAG)
Report and Recommendation
Page 3

Having further advised Defendant of the charges contained in above stated Count Three, he was examined and verified as being correct that he had consulted with his counsel, Melanie Carrillo, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.  He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact, if he decides not to testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea

United States of America v. José Huertas-Rosario [1]
Criminal No. 18-193 (GAG)
Report and Recommendation
Page 4

of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The statutory penalty for the offense charged in Count Three is a term of imprisonment of not less than five (5) years and not more than forty (40) years; a fine of not to exceed five million dollars ($5,000,000.00); and a term of supervised release of at least four (4) years, all pursuant to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

However, based on the stipulated and agreed amount of cocaine possessed by Defendant, that is, at least two hundred (200) grams but less than three hundred (300) grams of cocaine, the penalty for the offense is a term of imprisonment of not more than twenty (20) years; a fine not to exceed one million dollars ($1,000,000.00); and a supervised release term of at least three (3) years, all pursuant to Title 21, United States Code, Sections 841(a)(1)(a) and (b)(1)(C).

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant

United States of America v. José Huertas-Rosario [1]
Criminal No. 18-193 (GAG)
Report and Recommendation
Page 5

to Title 18, United States Code, Section 3013(a)(2)(A).

Having ascertained directly from Defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(B))" ("the Agreement") and the "Plea Agreement Supplement"[3] were shown to Defendant, verifying his signature on the applicable pages.

Pursuant to said Agreement, and insofar as Count Three, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate an agreement that appears on page three (3) and four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count Three, pursuant to USSG §2D1.1(c)(11), the base offense level, for at least 200 grams but less than 300 grams of cocaine, is of eighteen (18). Pursuant to USSG §2D1.2(b)(1), an

---

[3] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. The "Plea Agreement Supplement" was read for the record, as requested by defense counsel, and that portion of the transcript will remain sealed.

United States of America v. José Huertas-Rosario [1]
Criminal No. 18-193 (GAG)
Report and Recommendation
Page 6

increase of two (2) levels is agreed for a specific offense characteristic: a firearm as possessed. Pursuant to USSG §3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the total adjusted offense level is of seventeen (17), yielding an imprisonment term of twenty-four (24) to thirty (30) months, if Criminal History Category I; twenty-seven (27) to thirty-three (33) months, if Criminal History Category II; thirty (30) to thirty-seven (37) months, if Criminal History Category III; thirty-seven (37) to forty-six (46) months, if Criminal History Category IV; forty-six (46) to fifty-seven (57) months, if Criminal History Category V; fifty-one (51) to sixty-three (63) months, if Criminal History Category VI.

The parties do not stipulate any assessment at to Defendant's Criminal History Category.

As to Count Three, after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties will recommend a sentence within the applicable guideline range at a Total Offense Level of 17.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of the Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

Defendant agrees to forfeit all of his rights, titles and interest in any and all firearms, ammunition and magazines involved in the offense to wit: one Smith and

United States of America v. José Huertas-Rosario [1]
Criminal No. 18-193 (GAG)
Report and Recommendation
Page 7

Wesson 38 Special Revolver; 23 rounds of .38 caliber ammunition; 47 rounds of 9mm ammunition; 2 rounds of .223 caliber ammunition; one 9mm pistol magazine; a Glock .40 caliber pistol, model 27, serial number PTP507, loaded with 14 rounds of .40 caliber ammunition; a Glock .357 caliber pistol, model 32, serial number BFXV184, loaded with one magazine and 20 rounds of .357 caliber ammunition; one .40 caliber pistol magazine with capacity for 10 rounds of ammunition; one .40 caliber pistol magazine, with capacity for 9 rounds of ammunition; one .357 caliber pistol magazine, with 13 rounds of ammunition; one .40 caliber pistol magazine with capacity for twenty-two rounds of ammunition and loaded with twenty rounds of ammunition of .40 caliber ammunition; two .357 caliber pistol magazine with capacity for 13 rounds, one fully loaded and the other with 12 rounds of ammunition. All pursuant to Title 18, United States Code, Section 24(d) and Title 28, United States Code, Section 2461(c).

At sentencing, the United States will request the dismissal of the remaining counts against Defendant.

As part of the written Agreement, the Government, the Defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously

discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by Defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, his attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal

<u>United States of America v. José Huertas-Rosario [1]</u>
Criminal No. 18-193 (GAG)
Report and Recommendation
Page 9

must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count Three was what he had done and to which he was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that he agreed with the Government's evidence as to his participation in the offense. Thereupon, Defendant indicated he was pleading guilty to Count Three of the Indictment in Criminal No. 18-193 (GAG).

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Three of the Indictment in Criminal No. 18-193 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for June 10, 2020 at 11:30 am before Honorable

<u>United States of America v. José Huertas-Rosario [1]</u>
Criminal No. 18-193 (GAG)
Report and Recommendation
Page 10

Gustavo A. Gelpí, District Judge. Judge Gelpí ordered that the Pre-Sentence Investigation Report be expedited and abbreviated.

The parties have fourteen (14) days to file any objections to this report and recommendation.  Amended Fed. R. Crim P. 59 (b)(2).  <u>See</u> <u>also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order.  <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).  See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 22nd day of May of 2020.

                                                            s/ CAMILLE L. VELEZ-RIVE
                                                            CAMILLE L. VELEZ-RIVE
                                                            UNITED STATES MAGISTRATE JUDGE